UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NEW LIFE MINISTRIES,**

    **Plaintiff(s),**    CASE NUMBER: 05-74339
              HONORABLE VICTORIA A. ROBERTS

v.

**MT. MORRIS CHARTER TOWNSHIP,**

    **Defendant(s).**
_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR EX PARTE RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

    This matter is before the Court on two motions separately filed by Plaintiff: 1) Plaintiff's Motion for Ex Parte Restraining Order **[Doc. 3]**, and 2) Plaintiff's Motion for Temporary Injunction **[Doc. 2]**.[1] For the reasons stated below, Plaintiff's motions are **DENIED**.

    First, Plaintiff's Motion for Ex Parte Restraining Order does not conform to FRCP 65(b). FRCP 65(b) states in relevant part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) **it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition**, and (2) the

---

[1] Neither the Federal Rules of Civil Procedure nor relevant caselaw recognizes a Motion for "Temporary Injunction." Plaintiff's counsel advised the Court that he actually seeks a "Preliminary Injunction." Therefore, Plaintiff's Motion for Temporary Injunction will hereafter be referred to and treated as one for Preliminary Injunction.

> applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

(emphasis added). Plaintiff's complaint is not verified and it did not attach any affidavit to its motion.

Second, Plaintiff failed to present argument and proofs on each element the Court must consider in deciding whether to grant either a temporary restraining order or a preliminary injunction: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998).

For these reasons, Plaintiff's motions are **DENIED**.

**IT IS SO ORDERED.**

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: November 23, 2005

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 23, 2005.
>
> s/Linda Vertriest
> Deputy Clerk